**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANZ JIM LOPEZ SEGURA; NATALY AYALA-RAMIREZ; LUCIANA ROMINA LOPEZ-AYALA,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4595<br><br>Agency Nos.<br>A241-740-118<br>A241-740-119<br>A241-740-120<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Hanz Jim Lopez Segura ("Lopez Segura"), his wife Nataly Ayala-Ramirez

("Ayala-Ramirez"), and their minor daughter, all citizens of Peru, petition for

review of the denial of their applications for asylum and withholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT").  Lopez Segura is the lead petitioner, as Ayala-Ramirez and their minor daughter are derivative beneficiaries of his asylum application.

We have jurisdiction under 8 U.S.C. § 1252.  Our review is limited to the Board of Immigration Appeals' ("BIA") decision except to the extent that the immigration judge's ("IJ") opinion was expressly adopted by the BIA.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).  We review factual findings for substantial evidence and questions of law de novo.  *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

*1. Asylum.*  To be eligible for asylum, a petitioner "alleging past persecution," like Lopez Segura, "has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).  A petitioner may also be eligible for asylum because of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b).  The five statutorily protected grounds include race, religion, nationality, membership in a particular social group ("PSG"), and political opinion.  8 U.S.C. § 1158(b)(1)(B)(i).

For persecution to occur "on account of" a petitioner's membership in a PSG, his membership in that PSG must be "at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). "A 'central' reason is a reason of primary importance to the persecutors, one that is essential to their decision to act." *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). This is also called the "nexus" requirement of an asylum claim. *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021).

Here, Lopez Segura claims that he was harmed on account of his membership in two proposed PSGs: "Peruvian Men with Specialized Skills" and "Peruvian Men with Specialized Skills in Welding Who Were Threatened, Assaulted, and Extorted by Cartel Members." The IJ and BIA determined that, even if these PSGs were cognizable, Lopez Segura failed to establish that he was harmed on account of his membership in one of them. This is because "the current record shows the cartel members were solely motivated by money."

This finding is supported by substantial evidence. Under the substantial evidence standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Lopez Segura did not introduce sufficient evidence to demonstrate that the cartel members were primarily motivated by his specialized skills. Indeed, the record

shows that the cartel members asked Lopez Segura multiple times for money and asked him at one point to "collaborate," but never asked him to use his specialized skills on the cartel's behalf. The circumstantial evidence, including the theft of Lopez Segura's backpack, the location of the attacks, and the references to Lopez Segura's job, is also insufficient to compel the conclusion that Lopez Segura was primarily targeted for his welding skills.

**2. *Withholding of Removal.*** "Withholding of removal requires a substantially similar (though not identical) showing as asylum." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1220 (9th Cir. 2022). To satisfy the nexus requirement for a withholding of removal claim, a petitioner must establish that his protected ground will be "a reason" for his persecution. 8 U.S.C. § 1231(b)(3)(C). This nexus standard is "less demanding" than that for asylum claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Here, the BIA affirmed the IJ's finding that, without a nexus to a protected ground, Lopez Segura's withholding of removal claim also fails. We agree. Lopez Segura did not present evidence to compel the conclusion that membership in his proposed PSGs was even "a reason" for his persecution.

**3. *CAT.*** To qualify for CAT relief, a petitioner must establish that it is more likely than not that he would be tortured if returned to the country of removal. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or

4

suffering, whether physical or mental, is intentionally inflicted on a person," 8 C.F.R. § 1208.18(a), and for CAT relief, acts of torture must be inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." *Id.* Here, the IJ denied CAT protection to Lopez Segura because (1) Lopez Segura's past persecution did not rise to the level of torture, and (2) "nothing in the record" suggested that the Peruvian government would torture Lopez Segura or consent to or acquiesce in his torture. The BIA affirmed the IJ on both grounds.

These findings are supported by substantial evidence. The past harm and threats suffered by Lopez Segura may have constituted persecution, but the evidence presented does not compel a finding that it is more likely than not that he would be tortured. The agency's finding is consistent with our holding that the definition of torture is "reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (citing 8 C.F.R. § 1208.18(a)). Additionally, Lopez Segura's generalized country conditions evidence does not compel the conclusion that he, as an individual, is at risk of future torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Accordingly, the agency did not err in denying CAT relief.

**PETITION DENIED.**